**FISHERBROYLES LLP**
DAVID D. MESA (State Bar No. 257488)
david.mesa@fisherbroyles.com
530 Lytton Avenue, Second Floor
Palo Alto, California 94301
Telephone: 415-915-4415
Facsimile: 415-890-4845

**MAUER LAW FIRM PC**
STEVEN MAUER (*pro hac vice* to be filed)
semauer@mauerlawfirm.com
1100 Main Street, Suite 2100
Kansas City, Missouri 64105
Telephone: 816-759-3300
Facsimile: 816-759-3399

Attorneys for Defendants
PERMOBIL, INC. and MAX MOBILITY, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| MARK LOGAN,<br><br>Plaintiff,<br><br>vs.<br><br>MAX MOBILITY, LLC, PERMOBIL, INC., and DOES 1 through 20,<br><br>Defendants. | **CASE NO.**<br><br>**DEFENDANTS PERMOBIL, INC. AND MAX MOBILITY, LLC'S NOTICE OF REMOVAL FROM STATE COURT**<br><br>[28 U.S.C. §§ 1332, 1441 and 1446]<br><br>Removed from the Tuolumne County Superior Court of the State of California Case No. CV-65304 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendants Permobil, Inc. ("Permobil") and Max Mobility, LLC ("Max Mobility") (collectively "Defendants") hereby remove this action entitled *Mark Logan v. Permobil, Inc., et al.,* currently pending in the Superior Court of the State of California, County of Tuolumne, to the United States District Court for the Eastern District of California. This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441 *et. seq.* Complete diversity of citizenship exists between the relevant parties, and it is facially evident from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this removal, Defendants further states:

**BACKGROUND AND PROCEDURAL REQUIREMENTS**

1. Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice of Removal a copy of all process, pleadings, and orders served upon it in this action. *See* **Exhibits A and B**, attached hereto. For the Court's ease of reference, these documents consist respectively of: Plaintiff's Complaint (**Exhibit A**) and the remainder of the state court file (**Exhibit B**).

2. This is a civil action filed on May 22, 2023, by Mark Logan ("Plaintiff") in the Superior Court of the State of California, County of Tuolumne, Case Number CV-65304, captioned *Mark Logan v. Permobil, Inc., et al.* (Exh. A, Complaint). The Complaint names Permobil, Inc., Max Mobility, LLC, and Does 1 through 20 as Defendants ("State Court Action").

3. This product liability action arises out of injuries allegedly sustained by Plaintiff in connection with his use of a "SmartDrive MX2+ device" allegedly designed, manufactured and sold by Defendants. (Exh. A, Complaint, ¶ 6). Plaintiff's Complaint asserts causes of action for (1) Negligence, and (2) Strict Products Liability – Manufacturing Defect, Design Defect, and Failure to Warn. (Exh. A, Complaint, ¶¶ 13-30).

4. Plaintiff served Defendants with the Complaint in the State Court Action on July 24, 2023. (Declaration of Kent Kraushaar attached hereto as **Exhibit C**, ¶ 9). Pursuant to 28 U.S.C. § 1446(b), Defendants file this Notice of Removal timely within thirty (30) days of receipt of a copy

of the Complaint and within one year of commencement of the action. This removal is therefore timely.

5. Venue is appropriate pursuant to 28 U.S.C. § 1441(a) as the Superior Court of California, County of Tuolumne is located within the Eastern District of California. 28 U.S.C. §§ 84(b). Therefore, the United States District Court for the Eastern District of California, Fresno Division is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. Promptly after filing this Notice of Removal, Defendants will file a copy with the Clerk of the Court of the Superior Court of California, Tuolumne County and will provide Notice of Removal to the Plaintiff, as required by 28 U.S.C. § 1446(d).

7. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of their position that this case is properly removable.

8. By filing this Notice of Removal, neither Defendant waives any jurisdictional objection or other defense that is or may be available to them.

**THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)**

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which grants federal courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states…" 28 U.S.C. § 1332(a)(1). Both requirements are satisfied here because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and Defendants.

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES**

10. The parties to this action are citizens of different states and were at the time the State Court Action was filed. 28 U.S.C. § 1332(a)(3).

///

///

11.    At all times material hereto, Plaintiff was a resident of the State of California. (Exh. A, Complaint, ¶ 1).  Accordingly, Plaintiff is a citizen of the State of California for the purposes of diversity.

12.    On the other hand, no Defendant is a citizen of the State of California. Permobil is, and was at the time of filing of this action, a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in Tennessee. (Exh. A, Complaint, ¶ 2; *see also* Exh. C, Kraushaar Decl., ¶ 3).  Thus, Permobil is a citizen of the State of Tennessee for the purposes of diversity.

13.    Defendant Max Mobility is not a citizen of California.  "For purposes of diversity jurisdiction, a limited liability company 'is a citizen of every state of which its owners/members are citizens.'"  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Max Mobility is, and was at the time of filing of the State Court Action, a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business in Tennessee.  (Exh. A, Complaint, ¶ 2; *see also* Exh. C, Kraushaar Decl., ¶ 4).  Defendant Max Mobility's sole member is TiSport, LLC, which is a limited liability company organized and existing under the laws of the State of Washington.  (Exh. C, Kraushaar Decl., ¶ 5).  TiSport, LLC's sole member is Permobil.  (Exh. C, Kraushaar Decl., ¶ 6).  Accordingly, Max Mobility is a citizen of Washington or Tennessee for the purposes of diversity.

14.    The true names and capacities of DOES 1 to 20 are unknown.  (Exh. A, Complaint, ¶ 3.)  Doe defendants are disregarded when determining diversity jurisdiction for removal.  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Aguilar v. McKesson Corp.*, 2016 U.S. Dist. LEXIS 61342, at *5-6 (E.D. Cal. May 6, 2016) ("the citizenship of the unidentified Doe defendants is immaterial for determining diversity jurisdiction.").

15.    Therefore, there is complete diversity of citizenship between Plaintiff and Defendants.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

16. While Defendants deny liability as to Plaintiff's claims, the allegations in the Complaint plainly satisfy the amount in controversy minimum requirement. Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states…"

17. It is apparent in the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000, exclusive of costs and interest. A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not clearly specified in the complaint, the court may consider facts in the complaint as well as in the removal petition. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002)*; Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997*); accord Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (stating that the Court "found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy."). Here, Plaintiff alleges he suffered damages as a result of the failure of a "SmartDrive MX2+ device" he was allegedly using on the back of his wheelchair, which caused "serious injuries, including but not limited to a broken femur." (Exh. A, Complaint, ¶¶ 9-10). In fact, Plaintiff seeks "general and compensatory damages, including damages for past and future medical care, past and future attendant care, past and future pain and suffering, loss of enjoyment of life, loss of consortium, and emotional distress damages" for his injuries (Exh. A, Complaint, Prayer for Relief at ¶ 1).

18. Plaintiff also seeks punitive and exemplary damages, which must be included in the amount in controversy. *Gibson v Chrysler,* 261 F.3d 927, 945 (9th Cir. 2001); *Romo v. FFG Ins.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005). Including punitive damages in the amount of controversy here allows no doubt that the jurisdictional requirement is met.

**THE REMOVAL IS TIMELY**

19. Defendants were served on July 24, 2023 and remove this case on August 22, 2023. Thus, the removal is within the 30 days from "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" in compliance with 28 U.S.C. § 1446(b).

**ALL DEFENDANTS CONSENT TO REMOVAL**

20. All defendants in a state action "who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

21. Accordingly, removal is proper because all relevant defendants have consented to removal of the action.

**NO ADMISSION**

22. By this filing, Defendants do not admit any liability, do not concede the accuracy of Plaintiff's allegations, and do not concede that Plaintiff is entitled to any of the relief sought in the Complaint, or any relief of any kind.

23. By filing this notice, neither Defendant waives any defenses, including, but not limited to the defenses available under Rule 12(b) of the Federal Rules of Civil Procedure.

24. Defendants reserve the right to amend or supplement this Notice of Removal.

**CONCLUSION**

25. Accordingly, because the State Court Action (i) is between citizens of different states, and (ii) the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, this action may be removed to this Court on diversity grounds pursuant to 28 U.S.C. §§ 1332 and 1441(a).

WHEREFORE, Defendants hereby remove this action from the Superior Court of the State of California, Tuolumne County, to the United States District Court for the Eastern District of California.

///

///

DATED: August 22, 2023

**FISHERBROYLES LLP**

By: */s/ David D. Mesa*
David D. Mesa
*Attorneys for Defendants*
PERMOBIL, INC. AND MAX MOBILITY, LLC

DATED: August 22, 2023

**MAUER LAW FIRM, PC**

By: */s/* Steven E. Mauer
Steven E. Mauer
*Attorneys for Defendants*
PERMOBIL, INC. AND MAX MOBILITY, LLC

7

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

# EXHIBIT A

FILED
MAY 22 2023
Superior Court of California
County of Tuolumne
by: Andrea Mattos Clerk

Mark L. Venardi (SBN 173140)
Martin Zurada (SBN 218235)
Tony Venardi (SBN 336764)
VENARDI ZURADA LLP
101 Ygnacio Valley Rd., Suite 100
Walnut Creek, CA 94596
Telephone: (925) 937-3900
Facsimile: (925) 937-3905

Attorneys for Plaintiff
MARK LOGAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF TUOLUMNE

UNLIMITED JURISDICTION

MARK LOGAN, a an individual,

Plaintiff,

v.

MAX MOBILITY, LLC, a Tennessee limited liability company, PERMOBIL, INC., a Tennessee corporation, and DOES 1 through 20, inclusive,

Defendants.

Case No. CV65304

**COMPLAINT FOR MONETARY DAMAGES; DEMAND FOR JURY TRIAL**

THIS CASE IS ASSIGNED TO JUDGE Kevin M. Seibert IN DEPARTMENT ___ FOR ALL PURPOSES, INCLUDING TRIAL BY FAX

PLAINTIFF MARK LOGAN ("Mr. Logan" or "Plaintiff") alleges as follows:

**GENERAL ALLEGATIONS**

1. Mr. Logan is a resident of the state of California.

2. Defendants MAX MOBILITY, LLC and PERMOBIL, INC. are entities created under the laws of the state of Tennessee and are citizens of that state and do business in Tuolumne County and throughout the state of California.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants sued herein as DOES 1 through 20, inclusive, are currently unknown to PLAINTIFF, who therefore sues said defendants by such fictitious names, and PLAINTIFF will seek to amend this

VENARDI ZURADA LLP
101 Ygnacio Valley Rd., Suite 100
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

Complaint to show their true names and capacities when the same has been ascertained. PLAINTIFF is informed and believes, and based thereon alleges, that each of the defendants designated herein as DOE is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to PLAINTIFF as alleged herein. Each reference in this Complaint to "defendant," "defendants" or a specifically named defendant refers also to all defendants sued under fictitious names (collectively "DEFENDANTS"). PLAINTIFF is informed and believes, and based thereon alleges, that at all times herein mentioned each of the DEFENDANTS was the agent, employee and servant of each of the remaining DEFENDANTS, and in doing the things hereinafter alleged was acting within the scope of such agency, employment, and servitude, with the knowledge and consent of each of the DEFENDANTS. Whenever this Complaint refers to DEFENDANTS or "DEFENDANTS, and each of them," such allegations shall be deemed to mean the acts of DEFENDANTS acting individually, jointly and/or severally.

4. At all times material hereto Defendants MAX MOBILITY, LLC and PERMOBIL, INC. were involved in the business of designing, manufacturing, marketing, distributing, and selling a certain SmartDrive MX2+ device bearing serial number 216490 which was defective and failed in its operation as hereinafter described.

5. At all times material to this Complaint, defendants MAX MOBILITY, LLC and PERMOBIL, INC. were engaged in the business of selling, servicing and repairing SmartDrive MX2+ devices to and for members of the general public. In particular, Defendant MAX MOBILITY, LLC placed the SmartDrive MX2+ device bearing serial number 216490, that is the basis of this lawsuit, into the stream of commerce by selling the device to Plaintiff.

## STATEMENT OF THE FACTS

6. The defective device involved in this matter is SmartDrive MX2+ serial number 216490 (the "Device") that was designed, manufactured, assembled, distributed and sold by Defendants MAX MOBILITY, LLC and PERMOBIL, INC.

7. The Device is intended to provide auxiliary power to manual wheelchairs to reduce the pushing power needed by the users. The device attaches to the back of the wheelchair, with its one wheel on the ground. An electric motor powers the device to help push the user forward.

VENARDI ZURADA LLP
101 Ygnacio Valley Rd., Suite 100
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

8. Mr. Logan, as someone who uses a wheelchair to ambulate, purchased the Device through Medicare. He followed all proper instructions in using the Device and used it in his daily life.

9. On or about May 28, 2021, Mr. Logan was in Long Barn, California. He was using the Device on the back of his wheelchair as he went up the incline on Deborah Drive. While he was going up the incline, the Device suddenly turned off. Not only did the Device stop assisting Mr. Logan up the incline, it also did not have any brakes to stop Mr. Logan from rolling back down the incline.

10. Due to the sudden loss of power from the Device, and its failure to provide any braking mechanism upon loss of power, Mr. Logan was unable to continue forward up the incline. His wheelchair then started to roll backwards down the hill and spin around. The force from this sudden action threw Mr. Logan from the wheelchair and onto the ground where he sustained serious injuries, including, but not limited to a broken femur.

11. The fall and injuries to Mr. Logan were immediately precipitated by the failure of the Device to warn Mr. Logan of a low battery and the lack of a braking mechanism upon loss of power, causing Mr. Logan to be thrown violently from his wheelchair.

12. As a result of the above failures, Mr. Logan was caused to be injured and to suffer damages as set forth more fully below and to be proven at time of trial.

**FIRST CAUSE OF ACTION**
**Negligence**
**(Against All Defendants)**

13. PLAINTIFF re-alleges and incorporates paragraphs 1-12, above.

14. The injuries and damages suffered by Plaintiff were proximately caused by the negligence of Defendants in designing, manufacturing, assembling, marketing, placing into the stream of commerce, supplying, instructing and failing to provide adequate warnings to the user or foreseeable users of SmartDrive MX2+'s, including, but not limited to the following circumstances:

a. Defendants negligently designed the device from the standpoint of low battery warnings and a braking mechanism upon loss of power.

b. Defendants negligently tested the device from the standpoint of low battery warnings and a braking mechanism upon loss of power.

c. Defendants negligently designed the instrumentation and warning system to

VENARDI ZURADA LLP
101 Ygnacio Valley Rd., Suite 100
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

VENARDI ZURADA LLP
101 Ygnacio Valley Rd., Suite 100
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

enable a user to stop using the device on an incline when the device would lose power.

d. Defendants negligently failed to adequately instruct dealers in training purchasers and foreseeable users properly regarding dangers associated with the use of the SmartDrive MX2+ device or in the alternative failed to adequately train purchasers and foreseeable users of the same.

e. Defendants negligently failed to disclose known problems and defects to its dealers and the general public.

f. Defendants negligently marketed the SmartDrive MX2+ device as safe and stable assistive device.

g. Defendants negligently failed to inform the consumer, including Plaintiff, of information that Defendants knew about the risk of failure caused by low power and inadequate braking mechanisms when Defendants knew the risks that a loss of power, resulting in unwanted movement of a wheelchair, thereby depriving the Plaintiff of the right to make a conscious and free choice regarding his decision to use the Device.

h. Defendants negligently failed to perform a risk/failure analysis of the SmartDrive MX2+ device prior to marketing and selling it to the public.

i. Defendants negligently failed to notify consumers, as required by law, when a defect exists in the SmartDrive MX2+ that relates to public safety.

j. Defendants knew that there were known problems and defects associated with the Device.

k. That the Device was not safe and stable for use by the foreseeable user.

15. As a proximate result of Defendants' negligence, Plaintiff was harmed when he was thrown off of his wheelchair, without warning, causing him to make impact with the ground, causing severe injury consisting of a fractured femur.

16. Defendants' negligence and breaches of duty were substantial factors in causing the harm suffered by Plaintiff.

VENARDI ZURADA LLP
101 Ygnacio Valley Rd., Suite 100
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

**SECOND CAUSE OF ACTION**
**Strict Products Liability**
**(Against All Defendants)**

17. PLAINTIFF re-alleges and incorporates the allegations set forth in paragraphs 1–16 of this Complaint.

18. On or about May 28, 2021, Plaintiff was injured while using his wheelchair in conjunction with the Device that was designed, distributed, manufactured and/or sold by Defendants MAX MOBILITY, LLC and PERMOBIL, INC.

19. The Device was defective and unsafe for its intended purposes at the time of its design, manufacture, sale and/or transfer by Defendants MAX MOBILITY, LLC and PERMOBIL, INC. and at the time that Plaintiff used the device. The device was defectively designed, defectively manufactured, defectively marketed, and unreasonably dangerous to Plaintiff.

20. The Device is defective in that the design is intended to assist users in wheelchairs in motion forwards and backwards. However, the Device failed to have a proper low battery warning or it malfunctioned. The Device also failed to have a braking mechanism in the event that the Device suddenly lost power, causing unreasonable risk of serious injury or death.

21. The Device has an inherent tendency to fail by losing power without warning the user and then failing to have a braking mechanism to compensate for the sudden loss of power if the user is on a hill or incline.

22. The combination of an inadequate low battery warning and the lack of a braking mechanism when power is lost created an extreme risk of uncontrolled activity consisting of unwanted forward or backward motion that is beyond the expectation of the consumer and created a risk that far outweighs any benefit associated with the design.

23. The design referred to above created an unreasonable risk of sudden, unexpected loss of power and sudden unwanted motion for use on public and private property and in the manner used by Plaintiff even though Defendants possessed full knowledge that the device could not handle ordinary emergencies that would be encountered on a day-to-day basis.

VENARDI ZURADA LLP
101 Ygnacio Valley Rd., Suite 100
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

24. The device was defectively and/or deceitfully marketed in that the consumer was led to believe that the device was safe and stable means of assisting wheelchair movement, and the consumer was not provided necessary, adequate warnings and instructions that would give him or her accurate information so that an informed choice could be made before using the device. As a result, Plaintiff sustained severe and permanent injuries when he used the Device. The Device, which was supplied by Defendants, was a substantial factor in bringing about Plaintiff's injuries.

25. Defendants were aware of the defects when the device was sold but failed to correct those known defects.

26. Defendants became aware of the defects as a result of similar failures of the devices after they had sold and/or transferred the devices to their dealers and the general public and did not take reasonable action to remedy the defects.

27. A safer alternative design was economically and technologically feasible at the time the product left the control of Defendants.

28. Plaintiff therefore invokes the doctrine of strict liability as stated in Section 402 Restatement (2nd) of Torts. The defects and design, manufacture, and marketing of the device were a producing cause of the injuries and damages sustained by Plaintiff.

29. Defendants misrepresented their product, including, but not limited to the following manner:

a. That the Device had a proper design from a battery warning and braking standpoint;

b. That the device would perform in a safe manner under foreseeable use, circumstances or conditions;

c. That the device had proper design of power warning systems and braking mechanisms;

d. That the device was properly designed and manufactured so as not to create an unreasonable or dangerous propensity to suddenly lose power and leave the user without any assistance without warning the user under normal and

VENARDI ZURADA LLP
101 Ygnacio Valley Rd., Suite 100
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

foreseeable circumstances; and

e. That the device had been adequately tested and inspected.

30. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, and with conscious disregard for the safety of others knowing that such acts could and would cause serious and disabling injuries to SmartDrive MX2+ users. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF pray for judgment against DEFENDANTS, and each of them as follows:

1. For general and compensatory damages, including damages for past and future medical care, past and future attendant care, past and future pain and suffering, loss of enjoyment of life, loss of consortium, and emotional distress damages according to proof at trial;
2. For punitive and exemplary damages according to proof;
3. For prejudgment interest on all amounts claimed;
4. For costs of suit; and
5. For such other and further relief as the Court may deem just and proper.

Dated: May 19, 2023

VENARDI ZURADA LLP

Mark L. Venardi,
Attorneys for Plaintiff
MARK LOGAN

VENARDI ZURADA LLP
101 Ygnacio Valley Rd., Suite 100
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: May 19, 2023

VENARDI ZURADA LLP

Mark L. Venardi,
Attorneys for Plaintiff
MARK LOGAN

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
MAX MOBILITY, LLC, a Tennessee limited liability company, PERMOBIL, INC., a Tennessee corporation, and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Mark Logan, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

BY FAX

The name and address of the court is: SUPERIOR COURT OF CALIFORNIA
*(El nombre y dirección de la corte es):*
COUNTY OF TUOLUMNE
12855 Justice Center Dr.
Sonora, CA 95370

CASE NUMBER: *(Número del Caso):* CV05304

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark L. Venardi (SBN 173140); Martin Zurada (SBN 218235); Tony Venardi (SBN 336764)
Venardi Zurada LLP, 101 Ygnacio Valley Road, Suite 100, Walnut Creek, CA 94596, Telephone: (925) 937-3900

DATE: *(Fecha)* 5/23/23 Clerk, by *(Secretario)* Hector X. Gonzalez, Jr. [signature], Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF TUOLUMNE

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: PERMOBIL, INC, A TENNESSE CORPORATION

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
MAX MOBILITY, LLC, a Tennessee limited liability company, PERMOBIL, INC., a Tennessee corporation, and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Mark Logan, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

BY FAX

The name and address of the court is: SUPERIOR COURT OF CALIFORNIA
*(El nombre y dirección de la corte es):*
COUNTY OF TUOLUMNE
12855 Justice Center Dr.
Sonora, CA 95370

CASE NUMBER: *(Número del Caso):* CV05304

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark L. Venardi (SBN 173140); Martin Zurada (SBN 218235); Tony Venardi (SBN 336764)
Venardi Zurada LLP, 101 Ygnacio Valley Road, Suite 100, Walnut Creek, CA 94596, Telephone: (925) 937-3900

DATE: *(Fecha)* 5/22/23 Clerk, by *(Secretario)* Hector X. Gonzalez, Jr., Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* MAX MOBILITY LLC, A TENNESSEE LIMITED LIABILITY COMPANY

under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[X] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

TUO-CV-250

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF TUOLUMNE<br>12855 Justice Center Drive<br>Sonora, CA 95370<br>(209) 533-5555 | Space below for use of Court Clerk only |
| --- | --- |
| **STANDING CASE MANAGEMENT ORDER FOR CASES ASSIGNED TO THE HONORABLE KEVIN M. SEIBERT** | Case Number: CV65004 |

**INSTRUCTIONS TO PLAINTIFF(S)/CROSS-COMPLAINANT(S):**
You must serve a copy of this Standing Case Management Order on all defendants/cross-defendants at the same time the complaint/cross-complaint is served.

## I. GENERAL MATTERS

A. It is the Court's policy to provide a dignified forum in which to resolve disputes in a professional, legally correct and expeditious manner. All of the following rules are designed to achieve these goals. It is not the Court's intention to prohibit a party from raising any issue by any means allowed by court rule or statute. If any of the rules or procedures set forth herein creates a problem, counsel should raise the matter with the Court at the earliest opportunity after the parties have appeared.

B. Unless otherwise ordered, electronic communication with the courtroom clerk is permissible for routine communications having to do with scheduling, stipulated continuances, and/or joint requests. Substantive arguments are not permitted unless approved in advance by the Court. Opposing counsel should be copied on any correspondence with the clerk in order to avoid ex parte communications. The clerk's email address is: courtclerks@tuolumne.courts.ca.gov.

C. Counsel should silence all audible telephones and pagers and instruct their clients and witnesses to do so when in the courtroom. Communication devices worn on the head are not permitted in the courtroom.

## II. CASE MANAGEMENT CONFERENCES ("CMCs")

A. Unless otherwise specifically ordered, CMC statements are required to be filed in accordance with the California Rules of Court. The Court expects that counsel will be prepared to discuss the current status of the case, discovery, amenability to mediation, and any unusual factual, legal, or evidentiary issues that may need resolution. Item 16

Courtroom Policies for Cases Assigned to the Honorable Kevin M. Seibert
TUO-CV-250 Form Adopted for Mandatory Use - Revised January 3, 2023
Local Rules of the Superior Court of California, County of Tuolumne
Page 1 of 4

TUO-CV-250

of the Judicial Council's mandatory Case Management Statement form (CM-110) requires details on anticipated discovery, including specific dates for completion of the anticipated discovery. Descriptions such as "per code" or "ongoing" do not meet the requirement to provide details and therefore are not acceptable. Counsel who fail to appear at a CMC, or who fail to timely file and serve a CMC statement, will typically be required to appear at an OSC hearing regarding why sanctions should not be imposed. The initial sanction amount is ordinarily $150.00.

## III. LAW AND MOTION MATTERS

A. To the extent practicable, the Court will post tentative rulings on law and motion matters in unlimited-jurisdiction civil cases on the Court's website no later than 3:00 p.m. on the day before the hearing. The Court's website is located at www.tuolumne.courts.ca.gov.

B. When parties agree to submit a matter based on a tentative ruling or to have a matter taken off calendar, counsel should promptly notify both the courtroom clerk and the Court's research attorney. Such notification is important in order to avoid unnecessary commitment of judicial resources to moot matters. The research attorney's email address is sstreger@tuolumne.courts.ca.gov.

C. The parties are strongly encouraged to "preview" complicated law and motion matters with the Court at CMCs. This procedure may obviate or narrow the scope of summary judgment motions and other matters that depend heavily on controverted facts, and it will save time and effort of all involved.

D. Discovery Dispute Resolution Procedures: It is the Court's policy to attempt to resolve discovery disputes informally and efficiently. Accordingly, the Court has instituted special procedures for the resolution of discovery disputes through Informal Discovery Conferences, which must be scheduled on local forms that are available from the clerk's office and on the Court's Web site. Filing a request for an Informal Discovery Conference tolls the time for filing a motion to compel discovery on the disputed issues, as detailed below. These procedures are intended to provide a fast and informal means of resolving discovery issues using limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

1. Prior to the discovery cut-off in this action, no motion under the California Civil Discovery Act (Code Civ. Proc., § 2016.010 et seq.) shall be filed or heard unless the moving party has first filed a written Request for Informal Discovery Conference ("Request") and the Court has acted or is deemed to have acted on that Request in any manner set forth in paragraph 6 below.

2. Following a reasonable and good-faith attempt to achieve an informal resolution of each issue to be presented (which should include both written and either in-person or telephone communication), a party may request an Informal Discovery Conference. The party requesting the Informal Discovery

Courtroom Policies for Cases Assigned to the Honorable Kevin M. Seibert
TUO-CV-250 Form Adopted for Mandatory Use - Revised January 3, 2023
Local Rules of the Superior Court of California, County of Tuolumne
Page 2 of 4

TUO-CV-250

Conference must file a Request with the clerk's office on the approved form TUO-CV-275 and serve the opposing party pursuant to any authorized or agreed-upon method of service that ensures the opposing part receives the Request no later than the next court day following the filing.

3. The opposition to a Request must be made using local form TUO-CV-300, must be filed within five (5) court days of receipt of the Request, and must be served on the part that requested the Informal Discovery Conference pursuant to any authorized or agreed-upon method of service that ensures the [arty receives the opposition no later than the next court day following the filing.

4. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted, except for a privilege log, if required (see below).

5. Where privilege is a basis for refusal to produce documents, privilege logs must be provided. The privilege log shall identify all sending and receiving persons or entities, as well as include information sufficient to apprise the opposing party and the Court of the basis for the asserted privilege.

6. Court's action on a Request for Informal Discovery Conference

   a. If the Court acts on the Request, the parties will be notified whether it has been granted or denied and, if granted, the date and time of the Informal Discovery Conference. The Court will use local form TUO-CV-325 for this purpose. The Informal Discovery Conference will be calendared to be held within thirty (30) days of the filing of the Request.

   b. If the Court has not granted or denied the Request within fifteen (15) days following the filing of the Request, then it shall be deemed to have been denied at that time.

   c. If the Informal Discovery Conference is not held within thirty (30) days of the filing of the Request, then the Request shall be deemed to have been denied at that time, unless the time for holding it has been extended by agreement of the parties and the Court.

7. At the Informal Discovery Conference, the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

8. If (a) the Court has denied the Request, (b) one of the deadlines above has expired without the Court's having acted, or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

Courtroom Policies for Cases Assigned to the Honorable Kevin M. Seibert
TUO-CV-250 Form Adopted for Mandatory Use - Revised January 3, 2023
Local Rules of the Superior Court of California, County of Tuolumne
Page 3 of 4

TUO-CV-250

9. The time for making a motion to compel or other discovery motion regarding the disputed issues is tolled from the date of filing of the Request until the Request is denied or deemed denied, unless extended by order of the Court.

10. Nothing herein shall preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

11. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act falls on a Saturday, Sunday, or court holiday, then the time for performing that act shall be extended to the next court day.

12. Refusal by any counsel to participate in an Informal Discovery Conference shall, in the discretion of the Court, be grounds for entry of an order adverse to the party represented by counsel so refusing or adverse to that counsel. Failure to file written opposition to the merits underlying a Request will be considered refusal to participate. When there is no written opposition to the merits of the Request, the Court may, in its discretion, enter an order adverse to the non-responding party or counsel.

**IV. TRIAL**

When cases are set for trial, counsel shall obtain the Department 1 Trial Management Order from the Court.

Kevin Seibert

HON. KEVIN M. SEIBERT
JUDGE OF THE SUPERIOR COURT

Courtroom Policies for Cases Assigned to the Honorable Kevin M. Seibert
TUO-CV-250 Form Adopted for Mandatory Use - Revised January 3, 2023
Local Rules of the Superior Court of California, County of Tuolumne

Page 4 of 4

# EXHIBIT C

# DECLARATION OF KENT KRAUSHAAR

**STATE OF TENNESSEE** )
) ss.
**COUNTY OF WILSON** )

I, Kent Kraushaar, being of lawful age and duly sworn under oath, depose and state that:

1. I am over 18 years of age. I have personal knowledge of the matters set forth herein, and the following is based on my best recollection and belief.
2. I am Counsel for Permobil, Inc. and have personal knowledge of the matters set forth herein.
3. Permobil, Inc. has its principal place of business in Tennessee and is incorporated in Tennessee.
4. Max Mobility, LLC has its principal place of business in Tennessee and is incorporated in Tennessee.
5. The sole Member of Max Mobility, LLC is TiSport, LLC.
6. The sole Member of TiSport, LLC is Permobil, Inc.
7. As Counsel for Permobil, Inc., which is the sole Member of TiSport, LLC which in turn is the sole Member of Max Mobility, LLC, I have the authority to consent to removal of this matter on behalf of Max Mobility, LLC.
8. Max Mobility, LLC consents to removal of this matter from the Superior Court of the State of California, Tuolumne County, to the United States District Court for the Eastern District of California.
9. Permobil, Inc. and Max Mobility, LLC were served with a copy of the Complaint in this matter on July 24, 2023.

**FURTHER AFFIANT SAYETH NAUGHT.**

[signature]
Kent Kraushaar, Affiant

In witness whereof, I have hereunto subscribed my name and affixed my official seal this 22 day of August, 2023.

[signature]
Notary Public Adam Latondress

My Commission Expires: 12/19/2026

STATE OF TENNESSEE NOTARY PUBLIC RUTHERFORD COUNTY ADAM JOHN LATONDRESS