1

**FISHERBROYLES LLP**
DAVID D. MESA (State Bar No. 257488)

2
david.mesa@fisherbroyles.com
530 Lytton Avenue, Second Floor

3
Palo Alto, California 94301
Telephone: 415-915-4415

4
Facsimile: 415-890-4845

5
**MAUER LAW FIRM PC**
STEVEN MAUER (*pro hac vice* to be filed)

6
semauer@mauerlawfirm.com
1100 Main Street, Suite 2100

7
Kansas City, Missouri 64105
Telephone: 816-759-3300

8
Facsimile: 816-759-3399

9

10
Attorneys for Defendants
PERMOBIL, INC. and MAX MOBILITY, LLC

11

12
**UNITED STATES DISTRICT COURT**

13
**EASTERN DISTRICT OF CALIFORNIA**

14
**FRESNO DIVISION**

15

16
| | |
|---|---|
| MARK LOGAN, | **CASE NO. 1:23-CV-01264-JLT-EPG** |
| Plaintiff, | |
| vs. | **DEFENDANTS PERMOBIL, INC. AND MAX MOBILITY, LLC'S ANSWER TO COMPLAINT** |
| MAX MOBILITY, LLC, PERMOBIL, INC., and DOES 1 through 20, | |
| Defendants. | |

17

18

19

20

21

22

23

24

25

26

27

28

1

1

**ANSWER**

COME NOW Defendants Permobil, Inc. and Max Mobility, LLC (hereinafter collectively "Defendants") and hereby answer the Complaint of Plaintiff Mark Logan as follows:

**GENERAL ALLEGATIONS**

1.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore, deny the same.

2.    Defendants admit they are entities created under the laws of the State of Tennessee and are citizens of Tennessee.  Defendants deny the remainder of Paragraph 2.

3.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore, deny the same.

4.    Defendants admit that they design and manufacture the SmartDrive MX2+ device, but specifically deny that the device was defective.  Defendants deny the remainder of Paragraph 4.

5.    Defendants deny the allegations contained in Paragraph 5.

**STATEMENT OF THE FACTS**

6.    Defendants admit that they design and manufacture the SmartDrive MX2+ device, but specifically deny that the device was defective.  Defendants deny the remainder of Paragraph 6.

7.    Defendants admit the allegations contained in Paragraph 7.

8.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore, deny the same.

9.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore, deny the same.

10.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore, deny the same.

11.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore, deny the same.

12.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore, deny the same.

DEFENDANTS PERMOBIL, INC. AND MAX MOBILITY, LLC'S ANSWER TO COMPLAINT

**FIRST CAUSE OF ACTION**
**Negligence**

13.    In response to Paragraph 13, Defendants re-allege and incorporate by reference their responses to Paragraphs 1-12 as though fully set forth herein.

14.    Defendants deny the allegations contained in Paragraph 14 and all subparagraphs thereof.

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore, deny the same.

16.    Defendants deny the allegations contained in Paragraph 16.

**SECOND CAUSE OF ACTION**
**Strict Products Liability**

17.    In response to Paragraph 17, Defendants re-allege and incorporate by reference their responses to Paragraphs 1-16 as though fully set forth herein.

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore, deny the same.

19.    Defendants deny the allegations contained in Paragraph 19.

20.    Defendants deny the allegations contained in Paragraph 20.

21.    Defendants deny the allegations contained in Paragraph 21.

22.    Defendants deny the allegations contained in Paragraph 22.

23.    Defendants deny the allegations contained in Paragraph 23.

24.    Defendants deny the allegations contained in Paragraph 24.

25.    Defendants deny the allegations contained in Paragraph 25.

26.    Defendants deny the allegations contained in Paragraph 26.

27.    Defendants deny the allegations contained in Paragraph 27.

28.    Defendants deny the allegations contained in Paragraph 28.

29.    Defendants deny the allegations contained in Paragraph 29 and all subparagraphs thereof.

30.    Defendants deny the allegations contained in Paragraph 30.

DEFENDANTS PERMOBIL, INC. AND MAX MOBILITY, LLC'S ANSWER TO COMPLAINT

31.    Defendants deny any and all allegations not specifically admitted herein.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to the relief requested in his Prayer for relief or any other requested relief.

**DEFENSES**

32.    Defendants are entitled to, and claim the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of California or any other state whose law is deemed to apply in this case.

33.    Plaintiff fails to state a claim upon which relief can be granted.

34.    Plaintiff failed to mitigate his damages, the existence of such damages Defendants expressly deny.

35.    The injuries and damages alleged by Plaintiff were not proximately caused by the conduct of Defendants.

36.    Any damages sustained by Plaintiff were caused by Plaintiff's own negligence in failing to exercise due and proper care under the existing circumstances and conditions.

37.    Plaintiff's own contributory or comparative negligence should be compared.

38.    Any amount Plaintiff may recover shall be reduced in proportion to the amount of negligence attributable to Plaintiff.

39.    Defendants aver that at the time the SmartDrive MX2+ device and/or wheelchair left their control, Defendants did not know, and (in light of then-existing reasonably available scientific and technological knowledge) could not have known, of any design characteristic that might have caused the damage of which Plaintiff complains, or the danger of any such characteristic.

40.    Defendants aver that at the time the SmartDrive MX2+ device and/or wheelchair left their control and at all times thereafter, Defendants did not know, and (in light of then-existing reasonably available scientific and technological knowledge) could not have known, of any characteristic of the SmartDrive MX2+ device and/or wheelchair which Plaintiff might claim Defendants should have warned about. Further, Defendants did not know, and (in light of then-

existing reasonably available scientific and technological knowledge) could not have known, the danger of any such characteristic.

41.     Defendants aver that the SmartDrive MX2+ device and/or wheelchair was not dangerous to any extent beyond that which would be contemplated by the ordinary user or handler of the device, with the ordinary knowledge common to the community as to the SmartDrive MX2+ device and/or wheelchair's characteristics.

42.     Defendants aver that before the events described in the Complaint, Plaintiff already knew, or reasonably should have been expected to know, of any characteristic of the SmartDrive MX2+ device and/or wheelchair that may have caused any damage. Plaintiff already knew, or reasonably should have been expected to know, the danger of any such characteristic.

43.     Defendants aver the events described in the Complaint occurred only and solely because of the substantial alteration and/or modification of the SmartDrive MX2+ device and/or wheelchair, which was not foreseeable and occurred after the wheelchair left Defendants' control.

44.     The design and manufacture of all labeling and instructions on the SmartDrive MX2+ device and/or wheelchair complied with all government and industry standards.

45.     Plaintiff's cause of action is barred by the learned intermediary doctrine.  To the extent Plaintiff asserts that Defendants failed to provide Plaintiff with adequate warnings regarding the use of the products at issue, any obligation to warn was discharged when adequate warnings were provided to others.  Plaintiff's claims are also barred by the Sophisticated User Doctrine or other similar applicable laws.

46.     At all relevant times herein, the products in question were sold and distributed with proper warnings, information, cautions, and instructions in conformity with generally recognized and prevailing standards in existence at the time.

47.     Plaintiff knowingly and voluntarily assumed any and all risks associated with the use of the products at issue in this case and, thus, the "last clear chance" and assumption of risk doctrines bar, in whole or in part, the damages Plaintiff seeks to recover herein.

DEFENDANTS PERMOBIL, INC. AND MAX MOBILITY, LLC'S ANSWER TO COMPLAINT

48.     The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause or causes, and any action on the part of Defendants was not the proximate or competent producing cause of Plaintiffs' alleged injuries.  In the alternative, any damages that Plaintiff might be entitled to recover against Defendants must be reduced to the extent that such damages are attributable to the intervening or superseding acts and/or omissions of persons other than Defendants.

49.     Plaintiff's claims are barred, in whole or in part, because the alleged injuries were caused by events that were extraordinary under the circumstances, not foreseeable in the normal course of events that were extraordinary under the circumstances, not foreseeable in the normal course of events, an Act of God, and/or independent of or removed from Defendants' alleged conduct or control. Such acts or omissions on the part of others and extraordinary events constitute an independent and intervening and/or superseding proximate cause of Plaintiff's damages so as to sever any causal connection to the actions of Defendants. The damage/loss alleged by Plaintiff was not foreseeable.

50.     Defendants rely upon all terms, conditions, presumptions, and defenses contained in or arising from the terms of any applicable warranty.

51.     Any warranty applicable to Defendants is not triggered by the facts and circumstances alleged in the Complaint.

52.     Defendants did not breach any of their obligations to Plaintiff under any warranty or contract or other legal or equitable standard applicable to them.

53.     Plaintiff's Complaint states no proper basis for the recovery of costs.

54.     Plaintiff's Complaint fails to set forth allegations sufficient to support a claim for attorneys' fees.

55.     Plaintiff's Complaint fails to set forth allegations sufficient to support a claim for punitive damages.

56.     Plaintiff's claim for recovery of punitive or exemplary damage against Defendants cannot be maintained unless the trial is bifurcated. Any award of punitive damages without

DEFENDANTS PERMOBIL, INC. AND MAX MOBILITY, LLC'S ANSWER TO COMPLAINT

bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and would otherwise be improper.

57.     Plaintiff's claim for recovery of punitive or exemplary damages against Defendants cannot be maintained, because an award of punitive damages under applicable law would be unlawful and unauthorized, and would be void for vagueness, both facially and as applied, as a result of, among other deficiencies, the absence of adequate notice of what conduct is subject to punishment, the absence of adequate notice of what punishment may be imposed, and the absence of a predetermined limit such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and would otherwise be improper.

58.     Plaintiff's claim for recovery of punitive or exemplary damages against Defendants cannot be maintained, because any award of punitive damages under applicable law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Defendants; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and would otherwise be improper.

DEFENDANTS PERMOBIL, INC. AND MAX MOBILITY, LLC'S ANSWER TO COMPLAINT

59.    Plaintiff's claim for punitive damages is barred by the prohibition against excessive fines contained in the Eighth Amendment of the United States Constitution and by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

60.    Plaintiff's claims for damages against Defendants are barred or reduced by applicable California law.

61.    To the extent that any item of economic loss alleged in the Complaint has been or will be paid to Plaintiff in whole or in part by collateral sources, any award for such loss in this action should be reduced by the amount of said collateral recovery.

62.    Defendants reserve the right to amend this Answer to allege additional defenses and claims, counter-claims, cross-claims or third-party claims, as applicable, upon further investigation and discovery.

## **DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial on all counts and claims brought in the above captioned matter.

WHEREFORE, Defendants Permobil, Inc. and Max Mobility, LLC deny liability under any theory to Plaintiff and request that judgment be entered in their favor and against Plaintiff.

DATED: August 28, 2023                     **FISHERBROYLES LLP**

By: */s/ David D. Mesa*
David D. Mesa
*Attorney for Defendants*
PERMOBIL, INC. AND MAX MOBILITY, LLC

DATED: August 28, 2023                     **MAUER LAW FIRM, PC**

By: */s/* Steven E. Mauer
Steven E. Mauer (*pro hac vice* to be filed)
*Attorney for Defendants*
PERMOBIL, INC. AND MAX MOBILITY, LLC

DEFENDANTS PERMOBIL, INC. AND MAX MOBILITY, LLC'S ANSWER TO COMPLAINT