UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LOGAN, | Case No. 1:23-cv-01264-JLT-EPG |
| Plaintiff, | |
| v. | ORDER GRANTING, IN PART, JOINT STIPULATION FOR A PROTECTIVE ORDER |
| MAX MOBILITY, LLC, et al., | |
| Defendants. | (ECF No. 20) |

This matter is before the Court on the parties' joint stipulation for the Court to approve their proposed protective order. (ECF No. 20). Upon review, the Court will grant the stipulation in part.

The Court finds the proposed protective order acceptable in most respects. However, the Court notes that the parties define the term "'confidential' information or items" to mean "information (regardless of the medium or how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c)." (ECF No. 20, p. 2-3).

Such an expansive definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection and without ever disclosing the types of information at issue under Local Rule 141.1(c)(1), which requires "[a] description of the types of information eligible for protection under the order, with the description

1

provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)." However, the parties elsewhere indicate that the confidential information or items include medical and psychotherapeutic records; as well as peace officer personnel records as defined by California sections 832.8, 832.5, 832.7 and the associated case law. (ECF No. 20, p. 3). The Court will limit the parties' definition of confidential information or items to such records.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as by allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 20, p. 7-8; ECF No. 10, pp. 4 (noting procedures regarding informal discovery conferences and discovery motions); the Court's Standard Procedures (same), available on the Court's website).

Accordingly, IT IS ORDERED that the parties' stipulation for a protective order (ECF No. 20) is granted, in part, as revised above.

IT IS SO ORDERED.

Dated: **January 22, 2025**                    /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE